IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JONATHAN G. PELLEGRIN, | ) | |
| | ) | No. 9:11-cv-00125 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RICHARD A. BERTHELSEN and | ) | |
| SIDNEY COLEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion for judgment on the pleadings brought by defendants Richard A. Berthelsen and Sidney Colen pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the court denies defendants' motion.

## I.   BACKGROUND

Plaintiff Jonathan G. Pellegrin originally filed a complaint in federal court on January 14, 2011, asserting diversity jurisdiction under 28 U.S.C. § 1332. Defendants Berthelsen and Colen filed an answer and counterclaims on March 21, 2011. Also on March 21, 2011, defendants filed the instant motion for judgment on the pleadings.

Pellegrin, Berthelsen, and Colen were general partners in a partnership named Beach Front Associates. Compl. ¶ 7. On May 1, 1991, the partners signed a Partnership Agreement, which remains in effect. Due to difficulties in selling the partnership's two properties and disagreements between the partners regarding pricing of those properties, Pellegrin withdrew from the partnership on May 9, 2008. Id. ¶¶ 15-17. Pellegrin's withdrawal did not dissolve the partnership. See id. Ex. 1, Art. VII, § 1.

1

In this dispute, Pellegrin seeks to dissolve the partnership and require liquidation of the partnership property. Id. ¶ 40. The complaint specifically includes claims for: partnership dissolution/forced buy-out; breach of fiduciary duty; breach of contract; an accounting; an injunction; liquidation of the partnership assets; and a declaration that Pellegrin is relieved from making contributions to the partnership's operating deficits. Id. ¶¶ 41-58. Defendants deny Pellegrin's allegations and bring counterclaims for breach of the Partnership Agreement and breach of fiduciary duty. Answer 32-34.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2011). The movant must show "that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007). Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." Deutsche Bank Nat'l Trust Co. v. I.R.S., 361 Fed. App'x 527, 529 (4th Cir. 2010); see Burbach Broad. Co. v. Elkins Radio,

278 F.3d 401, 405 (4th Cir. 2002). Thus, in order to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

### III.  DISCUSSION

Defendants argue that judgment on the pleadings is warranted because Article V of the Partnership Agreement prohibits this case from going forward. Article V provides in part,

> Partners who have withdrawn pursuant to ARTICLE VII hereof . . . shall have no voice in the management and conduct of the partnership and its business, and shall have no further rights in or against the partnership or the remaining partners except for the collection of such payments as may be due under the terms and provisions of this Agreement.

Compl. Ex. 1, Art. V, § 1. Based on this provision, defendants argue that Pellegrin's act of withdrawal on May 9, 2008, deprives him of any "rights" against the remaining partners, other than to collect payments due. Defs.' Mot. 3. By attaching the Partnership Agreement to his complaint, defendants contend that Pellegrin revealed to the court the existence of an insurmountable defense in their favor. Id. at 4-5. In response, Pellegrin asserts that his withdrawal instead triggered a buyout provision in the Partnership

3

Agreement, which requires the remaining partners to either purchase a withdrawing partner's interest or terminate and liquidate the partnership business.  See Compl. Ex. 1, Art. VII, §§ 1-3.

### A. Whether Defendants' Affirmative Defense Clearly Appears on the Face of Pellegrin's Complaint and Attachments

In considering the present motion, "only the pleadings are considered," and the court may only reach the merits of the affirmative defense if "all facts necessary to the affirmative defense clearly appear[ ] on the face of the complaint." Goodman, 494 F.3d at 464 (internal quotation marks omitted); A.S. Abell Co. v. Balt Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964).  Because the document necessary to determine whether defendants have an affirmative defense is attached to Pellegrin's complaint, the court can reach the merits of defendants' motion for judgment on the pleadings.  See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); Demetry v. Lasko Prods., Inc., 284 Fed. App'x 14, 15 (4th Cir. 2008) (finding district court properly ruled on a 12(c) motion when the district court considered an attachment to the plaintiff's complaint).

### B. Whether Article V, § 1 Bars Pellegrin's Claims

Pellegrin makes several claims for relief in his complaint, and defendants do not cite specific reasons why they are entitled to judgment on the pleadings in their favor for each particular claim.  Instead, they argue Article V, Section 1 provides a complete bar to all remedies, other than for the collection of payments due.  Defendants maintain that Pellegrin has only asserted claims for relief that do not involve the collection of payments.  In response, Pellegrin argues Article V, Section 1 only takes away a withdrawing partner's "right" to have a say in the day-to-day business affairs of the

partnership, not the right to litigate. Further, Pellegrin argues that material factual issues remain as to whether, for example, the partnership has fulfilled its alleged obligation to liquidate the partnership property.

Construing the facts in the light most favorable to Pellegrin, the court finds that Pellegrin states "a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Defendants' argument does not completely foreclose Pellegrin's entitlement to relief at this stage, but instead reveals potential ambiguities in the Partnership Agreement. Although the standard for judicial dissolution is rigorous, see Tiger, Inc. v. Fisher Agro, Inc., 391 S.E.2d 538 (S.C. 1990), Pellegrin raises sufficient allegations that make his claims plausible at this stage. Further, Pellegrin makes other claims, including breach of fiduciary duty, breach of contract, an accounting, an injunction, and declaratory relief. If proved, Pellegrin's pleadings would permit recovery on these claims. On its face, Article V of the Partnership Agreement therefore does not foreclose Pellegrin's rejoinder to the affirmative defense nor clearly bar Pellegrin's claims.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** defendants' motion for judgment on the pleadings.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**January 3, 2011
Charleston, South Carolina**